UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKAL CORDOVA HARRISON, | CASE NO. 2:26-cv-00353-JNW |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |
| v. | |
| JUDGE MONICA K. CARY, in her personal and official  capacities, and TARRELL HARRISON, JR, in his individual capacity, | |
| Defendants. | |

Plaintiff Mikal Cordova Harrison, proceeding pro se, moves ex parte for a temporary restraining order to prevent the enforcement of family law orders issued by King County Superior Court. Dkt. No. 3. The Court DENIES the motion for the reasons below. The Court has liberally construed Harrison's filings, as it must for pro se litigants, but even so construed, the motion is DENIED for the reasons stated below.

"Motions for temporary restraining orders without notice and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b). Federal Rule of Civil Procedure 65(b) clarifies that courts may only

ORDER - 1

grant ex parte motions for temporary restraining orders if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney [or movant] certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Harrison has failed to comply with this rule—this procedural failure alone warrants denial of her motion.

Even if Harrison had complied with Rule 65(b)'s procedural requirements, the Court would deny the motion because Harrison has not shown a likelihood of success on the merits.

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Ninth Circuit takes a "sliding-scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of [preliminary injunctive relief], so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. &*

ORDER - 2

*Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). This approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

Harrison's motion does not meaningfully address the first *Winter* factor—whether she is likely to succeed on her claims. The briefing includes only a few, conclusory sentences on this point. Accordingly, Harrison has not met her burden under Rule 65 for a temporary restraining order. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (moving party must make "a showing on all four prongs" under *Winter* to obtain relief.).

Several legal doctrines appear to preclude some or all of Harrison's claims. First, under the *Rooker-Feldman* doctrine, district courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments. *Miroth v. Cnty. of Trinity*, 136 F.4th 1141 (9th Cir. 2025). *Rooker-Feldman* applies "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* at 1151 (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)). The Ninth Circuit has clarified that *Rooker-Feldman* applies when a federal Plaintiff alleges a "legal error by the state court," as opposed to a "wrongful act by the adverse party" in the underlying, state-court litigation. *Id.* at 1150 (quotations omitted).

Here, while Harrison alleges wrongful acts by the adverse party in the underlying state-court litigation, she also alleges that the presiding judge

ORDER - 3

committed legal error, separate and apart from any wrongdoing by the adverse party. Indeed, she asserts that the presiding judge entered erroneous orders that "were unsupported by the record and . . . lacking lawful foundation," Dkt. No. 2 at 2, and she asks this Court to enjoin those orders, *id.* at 24. Accordingly, the *Rooker-Feldman* doctrine likely applies to some—if not all—of Harrison's claims, making Harrison unlikely to succeed on the merits.

Next, to the extent the underlying state family law proceedings remain ongoing, the *Younger* abstention doctrine may independently require this Court to decline jurisdiction. *See Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from interfering with ongoing state judicial proceedings that implicate important state interests and provide an adequate opportunity to raise constitutional challenges. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). Family law is a matter of paramount state interest to which *Younger* may apply. *See Laflam v. Hillman*, 2025 WL 1898922, at *3 (W.D. Wash. July 9, 2025) (collecting cases) (explaining *Younger* applies to some, but not all domestic relations proceedings). It is unclear whether the state proceedings are still pending, so the Court does not resolve *Younger*'s applicability at this time. But Harrison should address this issue in her response to the order to show cause below.

Finally, Harrison fails to explain how her claims against Judge Monica K. Cary can survive, given Judge Cary has judicial immunity. Judicial immunity is "absolute immunity [that] insulates judges from charges of erroneous acts or irregular action." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). "Judicial

ORDER - 4

immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). It recognizes that "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." *Id.* (quoting *Forrester*, 484 U.S. at 225). While there are exceptions to judicial immunity, Harrison's motion fails to argue that any exception applies to her case.

Because Harrison failed to meet her burden of showing that she is likely to succeed on her claims, and because she failed to meet the requirements of Rule 65(b), an ex parte temporary restraining order is inappropriate. Accordingly, Harrison's motion is DENIED. Dkt. No. 3.

Given the Court's concerns identified above about the whether Harrison can even maintain suit, Harrison is ORDERED TO SHOW CAUSE, in writing within TWENTY-ONE (21) days of this order why this case should not be dismissed for lack of subject matter jurisdiction. Failure to timely respond may result in dismissal of this action.

The Clerk is directed to calendar the response deadline on the Court's docket.

Dated this 4th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 5